**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CECIL R. CUMMINGS ) | |
| CATHY CUMMINGS, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 07-CV-409-TCK-SAJ |
| ) | |
| CONGLOBAL INDUSTRIES, INC., a ) | |
| Delaware Corporation, and ) | |
| CONGLOBAL INDUSTRIES ) | |
| HOLDING, INC., a ) | |
| Delaware Corporation, ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Before the Court is Defendants' Motion to Consolidate and Transfer ("Motion") (Docs. 8, 10). On October 23, 2006, a multi-vehicle accident occurred in Tulsa, Oklahoma. The accident involved three drivers – Joshua Harleson ("Harleson"), Jose Tamez ("Tamez"), and Cecil Cummings ("Mr. Cummings"). On June 18, 2007, Harleson sued Tamez and Mr. Cummings in state court, Case No. CJ-2007-3910 (the "State Case"). On July 25, 2007, Mr. Cummings and his wife Cathy Cummings ("Mrs. Cummings") ("Plaintiffs") sued ConGlobal Industries, Inc. and ConGlobal Industries Holding, Inc. (collectively "ConGlobal") in this Court. ConGlobal is the employer of Tamez and the owner of the vehicle driven by Tamez at the time of the accident.

On September 13, 2007, ConGlobal filed its Answer and the Motion currently pending before the Court. Therein, ConGlobal requests, *without citation to any federal rule or case precedent*, that the Court "consolidate, transfer, remand or, otherwise dismiss this action" based on the existence of the State Case. ConGlobal merely cited a laundry list of procedural doctrines, with no explanation or supporting authority as to how such doctrines applied in this case. Apparently,

ConGlobal expected and/or anticipated that this Court would research all potential bases that may support its vague and unsupported motion to "consolidate, transfer, remand or, otherwise dismiss."

Plaintiffs responded by asserting that ConGlobal identified no procedural basis for its request and that any potentially applicable federal rules or doctrines did not apply. In its reply brief, ConGlobal managed to identify and set forth one federal rule: Federal Rule of Civil Procedure 42(a), which governs motions to consolidate. ConGlobal then argued that "[i]t simply is not in the interest of justice, judicial resource, or the time, money and efforts of the parties involved to split up a simply [sic] three vehicle car accident and try it duplicatively in both State and Federal Courts." Essentially, ConGlobal appears to argue (1) this Court has broad discretion under Rule 42(a) to consolidate any actions that involve common questions of law or fact, (2) this Court should "consolidate" the federal case with the State Case because they involve common questions of law and fact, and (3) the Court should then "transfer" or "remand" the federal case to state court. Again, ConGlobal failed to cite any case law in support of such arguments.

Based on its own research and the authority cited by Plaintiff, the Court concludes that it not authorized to "consolidate, transfer, remand, or otherwise dismiss" this case, as requested by ConGlobal. The only rule cited by ConGlobal is Rule 42(a). Rule 42(a) authorizes consolidation "[w]hen actions involving a common question of law or fact *are pending before the court*." Fed. R. Civ. P. 42(a) (emphasis added); *Central Motor Co. v. U.S.*, 583 F.2d 470, 488 (10th Cir. 1978). Based on even a cursory review of the plain language of the rule and all relevant authority discussing the rule, it is clear that both cases must be pending before the federal district court in which the motion to consolidate was filed. *See United States v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) (holding that federal case could not be consolidated with improperly removed

state case because state case was not "pending before the court"); *Mourik Int'l B.V. v. Reactor Serv. Int'l, Inc.*, 182 F. Supp. 2d 599 (S.D. Tex. 2002) (same); *see also Glencore Ltd. v. Schnitzer Steel Products Co.*, 189 F.3d 264, 267 (2d Cir. 1999) (holding that court erred in relying on Rule 42(a) to authorize a joint hearing on two arbitration proceedings because the arbitration proceedings were not actions "pending before the court"); *Williams v. City of New York*, No. 03 Civ. 5342, 2006 WL 399456, at *1 n.1 (S.D.N.Y. Feb. 21, 2006) (denying motion to consolidate cases pending in different federal judicial districts because it was "not possible for the Court to consolidate the Southern District [of New York] action with any other action" that was not pending before it); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 n.1 (2d ed. 1995) (collecting cases). The State Case is pending in state court, and the Court cannot "consolidate" this case with another case that is not pending before it.

With respect to ConGlobal's request to "transfer" this litigation to state court, the basis for such request is unclear. However, such a transfer is clearly not authorized by the federal "transfer of venue" statute. *See* 28 U.S.C. § 1404(a) (authorizing transfer "to any other district or division where it might have been brought"); *Pope v. Atl. Coast Line R. Co.*, 345 U.S. 379, 384 (1953) (explaining that Section 1404(a)'s "limited purpose is to authorize, under certain circumstances, the transfer of a civil action from one federal forum *to another federal forum* in which the action 'might have been brought'") (emphasis added); 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3841 (3d ed. 2007) (stating that Section 1404(a) allows "transfer of an action from a federal district and division in which venue had been properly laid to some other, more convenient, *federal* district and division") (emphasis added).

3

The procedural bases for ConGlobal's request to "remand" or "otherwise dismiss" is similarly unclear.  The Court finds no grounds upon which to "remand" a case that was originally filed in federal court.  Further, the only potential basis for outright dismissal would appear to be some type of federal abstention in deference to the State Case.  *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (permitting a federal court to dismiss or stay an action in deference to pending parallel state court proceedings under certain limited circumstances).  However, ConGlobal has not raised or argued that abstention should apply.  ConGlobal has certainly not made any showing to overcome the general rules that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction" and that federal courts have a "virtually unflagging obligation" to exercise jurisdiction.  *See Colo. River*, 424 U.S. at 819.  Defendants' Motion to Consolidate and Transfer (Doc. 8) is DENIED.

Further, the Court finds that counsel for ConGlobal, Secrest, Hill & Butler ("Secrest Hill"), potentially violated Rule 11(b)(2) in connection with the Motion.  Rule 11(b)(2) required Secrest Hill to certify that "to the best of [its] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the claims, defenses, and other legal contentions" in the Motion were "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  Not only did Secrest Hill ultimately fail to demonstrate the Motion was warranted by existing law, Secrest Hill initially failed to identify the specific procedural basis for its motion.  This forced Plaintiffs and the Court to speculate as to the basis for the Motion and to conduct research that should have been done by Secrest Hill prior to filing the Motion.  Even in its reply brief, Secrest Hill cited only Rule 42(a), which, on its face, clearly does not authorize the relief requested in the Motion.  Accordingly, pursuant to Federal Rule

of Civil Procedure 11(c)(1)(B), the Court provides Secrest Hill with notice that the following specific conduct "appears to violate" Rule 11(b)(2):

1. Secrest Hill's failure to select and clearly identify a specific procedural basis or procedural bases for the Motion;

2. Secrest Hill's failure to cite any procedural rule or case law in the Motion;

3. Secrest Hill's failure to conduct an "inquiry reasonable under the circumstances" as to whether Rule 42(a) allowed consolidation of a federal case with a case pending in state court; and

4. Secrest Hill's overall failure to show that its legal contentions were "warranted by existing law."

Secrest Hill is hereby ORDERED to show cause why it has not violated Rule 11(b)(2) and why it should not be sanctioned accordingly. This show cause brief shall be filed no later than November 23, 2007.

**ORDERED THIS 8th DAY OF NOVEMBER, 2007.**

*Terence Kern*

**TERENCE KERN,**
**UNITED STATES DISTRICT JUDGE**