**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CECIL R. CUMMINGS<br>CATHY CUMMINGS,<br><br>      **Plaintiffs,**<br><br>v.<br><br>CONGLOBAL INDUSTRIES, INC., a<br>Delaware Corporation, and<br>CONGLOBAL INDUSTRIES<br>HOLDING, INC., a<br>Delaware Corporation,<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 07-CV-409-TCK-SAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

On November 8, 2007, this Court issued an Order denying Defendants' Motion to Consolidate and Transfer ("Motion"). (*See* Motion, Doc. 10; Order, Doc. 21.) In said Order, the Court found that counsel for Defendants, Secrest, Hill & Butler ("Secrest Hill"), potentially violated Federal Rule of Civil Procedure 11(b)(2)[1] in connection with the Motion. Specifically, the Court provided Secrest Hill with notice that the following specific conduct "appear[ed] to violate" Rule 11(b)(2):

1. Secrest Hill's failure to select and clearly identify a specific procedural basis or procedural bases for the Motion;

2. Secrest Hill's failure to cite any procedural rule or case law in the Motion;

3. Secrest Hill's failure to conduct an "inquiry reasonable under the circumstances" as

---

[1] Rule 11(b)(2) states that in presenting a written motion to the court, an attorney certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] the claims, defenses, or other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

>  to whether Rule 42(a) allowed consolidation of a federal case with a case pending in state court; and
>
> 4. Secrest Hill's overall failure to show that its legal contentions were "warranted by existing law."

The Court therefore ordered Secrest Hill to show cause why it had not violated Rule 11(b)(2) and why it should not be sanctioned accordingly. Secrest Hill thereafter filed its Show of Cause Why it Did Not Violate Rule 11(b)(2) (*see* Doc. 22).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). It accomplishes this purpose, in part, by imposing upon attorneys an affirmative duty to conduct some prefiling inquiry into the facts and law. *See* Fed. R. Civ. P. 11(b). In deciding whether to impose Rule 11 sanctions, the Court must apply an objective standard and determine whether a reasonable and competent attorney would believe in the merit of the argument presented. *See Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991).

Applying this standard, the Court finds that sanctions are appropriate in the instant case. As noted in the Court's Order, Secrest Hill's Motion failed to identify *any* legal or procedural basis supporting the contentions therein, forcing the Court and Plaintiffs to speculate as to the basis for the Motion and to conduct research that should have been completed by Secrest Hill prior to filing the Motion. Although it is true that in order to comply with Rule 11, an attorney need not provide an absolute guarantee of the correctness of the legal theory that is advanced, the attorney is required to conduct a reasonable inquiry into relevant law in order to comport with Rule 11. *See Smith v. Our*

*Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992). Secrest Hill's failure to provide *any* legal basis for its Motion suggests that no inquiry was conducted prior to filing the Motion. *See Hartz v. Friedman*, 919 F.2d 469, 475 (7th Cir. 1990) (imposing Rule 11 sanctions on attorney when it appeared that "counsel neglected to make reasonable inquiry into the law before filing"). Had a reasonable inquiry been conducted, it follows that the Motion would have included some sort of legal basis – whether that basis be in the form of existing law, the extension, modification, or reversal or existing law, or in the establishment of new law. *See* Fed. R. Civ. P. 11(b)(2).

Moreover, after Plaintiffs noted in their response brief that the Motion failed to include citation to "any Federal Rule of Civil Procedure or precedent" (*see* Pls.' Resp. to Mot. 4), Secrest Hill's only legal citation in its reply brief was to Federal Rule of Civil Procedure 42(a). Rule 42(a) authorizes consolidation "[w]hen actions involving a common question of law or fact *are pending before the court*." (emphasis added). Not only does a cursory review of the plain language of Rule 42(a) indicate that both cases must be pending before the *same* court in order for consolidation to be proper, but relevant authority discussing Rule 42(a) also makes this point clear. *See United States v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) (holding that federal case could not be consolidated with improperly removed state case because state case was not "pending before the court"); *Mourik Int'l B.V. v. Reactor Serv. Int'l, Inc.*, 182 F. Supp. 2d 599, 602 (S.D. Tex. 2002) (same); *see also Glencore Ltd. v. Schnitzer Steel Products Co.*, 189 F.3d 264, 267 (2d Cir. 1999) (holding that court erred in relying on Rule 42(a) to authorize a joint hearing on two arbitration proceedings because the arbitration proceedings were not actions "pending before the court"); *Williams v. City of New York*, No. 03 Civ. 5342, 2006 WL 399456, at *1 n.1 (S.D.N.Y. Feb. 21, 2006) (denying motion to consolidate cases pending in different federal judicial districts because

3

it was "not possible for the Court to consolidate the Southern District [of New York] action with any other action" that was not pending before it); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 n.1 (2d ed. 1995) (collecting cases). Accordingly, Rule 42(a) does not support the relief requested in the Motion. Had Secrest Hill undertaken a reasonable inquiry, as required under Rule 11(b)(2), it would have come across such authority and discovered that Rule 42(a) was not a possible basis for the Motion. *See Murphy v. Cuomo*, 913 F. Supp. 671, 683 (N.D.N.Y. 1996) (finding sanctions appropriate when "a mere cursory review of the applicable caselaw by plaintiff's counsel would have revealed" the fact that plaintiff's claim had no legal viability); *Watson v. City of Salem*, 934 F. Supp. 643, 664-66 (D.N.J. 1995) (imposing sanctions for failure to conduct reasonable inquiry into the law after noting that a simple review of a relevant case would have revealed that plaintiff's position was legally untenable).[2]

---

[2] In its response to the Court's Order, Secrest Hill argues that its Motion was "warranted by existing law" because *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) states that federal courts have a "virtually unflagging obligation" to exercise jurisdiction. *Id.* at 819. According to Secrest, the use of the word "virtually" saves their motion from being legally frivolous because it "turns ConGlobal's Motion from sanctionable to merely unlikely to succeed." (Defs.' Show of Cause Why it Did Not Violate Rule 11(b)(2) 4.) However, for the purposes of determining whether sanctions are appropriate for failure to make a reasonable inquiry into the applicable law, Secrest Hill's argument is of little assistance because Secrest Hill did not make any argument with regard to the *Colorado River* doctrine in its Motion or in its reply brief. Rather, this doctrine was raised by Plaintiffs. As stated above, the notable absence of *any* legal authority in the Motion, coupled with the sole citation to Rule 42(a) in Defendant's reply brief, demonstrates that Secrest Hill did not make a reasonable inquiry into applicable law.

Secrest Hill also advances *United States v. Stringfellow*, 911 F.2d 225, 226 (9th Cir. 1990), for the proposition that its failure to cite relevant authority does not justify the imposition of sanctions. While *Stringfellow* does indeed make such a statement, the situation presented in *Stringfellow* differs from the instant case in that there was at least *some* citation to controlling legal authority in the challenged filing in *Stringfellow*, and the court was faced with deciding whether failure to cite to potentially contrary authority rendered sanctions appropriate. *See* 911 F.2d at 226.

Having found that sanctions are appropriate under Rule 11(b)(2), the Court must next determine what sanction is appropriate under Rule 11(c)(3). *See* Fed. R. Civ. P. 11(c)(3) (stating "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation") In the instant case, the Court finds that Secrest Hill's failure to make a reasonable inquiry into the legal basis for its Motion resulted in an unnecessary expenditure of resources by both this Court and Plaintiffs. The Court therefore finds it appropriate to award sanctions to Plaintiffs for the reasonable costs and attorney's fees incurred in conjunction with preparing their response brief to the Motion.

The issue regarding the amount of costs and fees to be awarded to Plaintiffs is REFERRED to Magistrate Joyner for resolution.

**ORDERED THIS 5th DAY OF MARCH, 2008.**

*[Signature: Terence Kern]*

**TERENCE KERN,**
**UNITED STATES DISTRICT JUDGE**

5