## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CECIL R. CUMMINGS<br>CATHY CUMMINGS,<br><br>      **Plaintiffs,**<br><br>v.<br><br>CONGLOBAL INDUSTRIES, INC., a<br>Delaware Corporation, and<br>CONGLOBAL INDUSTRIES<br>HOLDING, INC., a<br>Delaware Corporation,<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>) Case No. 07-CV-409-TCK-SAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment on the Issue of Punitive Damages filed by Defendants ConGlobal Industries, Inc. and ConGlobal Industries Holding, Inc. (collectively referred to as "ConGlobal") (Doc. 35). For the reasons outlined below, said motion is denied.

**I.     Background**

This case arises out of a multi-vehicle accident occurring on I-75 in Tulsa, Oklahoma, in which Plaintiff Cecil Cummings ("Cummings") alleges he was rear-ended by ConGlobal's semi-trailer driven by Jose Tamez ("Tamez") on or about October 23, 2006. The parties dispute the facts giving rise to the accident.  According to ConGlobal's recitation of the facts, Cummings was originally traveling in the right hand lane of I-75 behind the ConGlobal semi-trailer but entered the left-hand lane because he was impatient with the semi-trailer's slow progress. ConGlobal alleges that Cummings wanted to get ahead of the traffic and "shot around" another driver, Charles Sutterfield ("Sutterfield"), in order to get back in the right-hand lane. In attempting to re-enter the right-hand lane, ConGlobal alleges that Cummings struck the semi-trailer and initiated the multi-vehicle accident.

Plaintiffs present a different version of events. According to Plaintiffs' description, the accident was a result of the fact that Tamez was sleep-deprived, allegedly having only slept five and a half hours in the three days prior to the accident. Plaintiffs maintain that Tamez was driving above the speed limit and rear ended Cummings' vehicle. Because the force of the impact was so great, Cummings was allegedly thrust into the other lane where he collided with other vehicles stopped at the intersection. Plaintiffs further contend that Tamez had been recently cited for other traffic violations, had "doctored" his driver's log so to comply with regulations requiring that he sleep a mandated period of time before driving, and was transporting an unauthorized passenger at the time of the accident. Plaintiffs allege that, as a result of the accident, Cummings' vehicle sustained considerable property damage and Cummings suffered from extensive personal injuries.

Plaintiffs filed their Complaint on July 25, 2007, alleging claims of negligence, negligent entrustment, negligent infliction of emotional distress, loss of consortium, and punitive damages. Defendant ConGlobal now moves for summary judgment as to Plaintiffs' claim for punitive damages.

## II.    Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006) (citation omitted). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id*. (citation omitted). However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary

judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

**III.    Discussion**

Punitive damage awards in Oklahoma are governed by Okla. Stat. tit. 23, § 9.1 ("Section 9.1"). Section 9.1 states:

> A. In an action for the breach of an obligation not arising from contract, the jury, in addition to actual damages, may, subject to the provisions and limitations in subsections B, C and D of this section, award punitive damages for the sake of example and by way of punishing the defendant based upon the following factors:
>
> 1. The seriousness of the hazard to the public arising from the defendant's misconduct;
>
> 2. The profitability of the misconduct to the defendant;
>
> 3. The duration of the misconduct and any concealment of it;
>
> 4. The degree of the defendant's awareness of the hazard and of its excessiveness;
>
> 5. The attitude and conduct of the defendant upon discovery of the misconduct or hazard;
>
> 6. In the case of a defendant which is a corporation or other entity, the number and level of employees involved in causing or concealing the misconduct; and
>
> 7. The financial condition of the defendant.

A "Category I" award may be given when the jury finds by clear and convincing evidence that the defendant has been guilty of reckless disregard for the rights of others.  Okla. Stat. tit. 23, § 9.1(B). A "Category I" award may not exceed the greater of $100,000 or the amount of actual damages awarded.  *Id*.  A "Category II" award may be given when the jury finds by clear and convincing evidence that the defendant acted intentionally and with malice towards others.  Okla. Stat. tit. 23, § 9.1(C).  A "Category II" award may not exceed the greatest of $500,000, twice the amount of actual

damages, or the increased financial benefit derived by the defendant as a direct result of the conduct causing the injury. *Id.* Finally, a "Category III" award may be given where the jury finds by clear and convincing evidence that the defendant acted intentionally and with malice towards others and the "court finds that there is evidence beyond a reasonable doubt that the defendant acted intentionally and with malice and engaged in conduct life-threatening to humans." Okla. Stat. tit. 23, § 9.1(D). A Category III award may be in any amount the jury deems appropriate. *Id.*

ConGlobal first argues that it is entitled to summary judgment as to Plaintiffs' punitive damages claim because "there are no facts tending to establish the required degree of malice, much less intent, by ConGlobal to cause any injury to the Plaintiffs." (Mot. for Summ. J. as to Punitive Damages 10.) As noted above, the parties dispute the facts giving rise to the accident. Resolving all factual disputes and drawing all reasonable inferences in favor of the non-moving party, the Court finds that there is a genuine issue of material fact as to Tamez's actions and state of mind, so as to render summary judgment inappropriate on this issue. However, the Court will entertain a motion for judgment as a matter of law as to punitive damages after the Court has the benefit of hearing evidence at trial. *See* Fed. R. Civ. P. 50(a) ("If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may [] resolve the issue against the party; and [] grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.").

ConGlobal also argues that Section 9.1 fails to conform to the due process standards as recently set forth by the United States Supreme Court in *Philip Morris, USA v. Williams*, 127 S.Ct. 1057 (2007). The Court finds that a determination of this issue is premature at this time. Given that

the Court may grant a Rule 50 motion after hearing evidence at trial, a determination as to the constitutionality of Section 9.1 could very well be unnecessary. It is well-established that federal courts should avoid deciding constitutional issues unless necessary to do so. *See United Staes v. Gonzales*, 150 F.3d 1246, 1254 (10th Cir. 1998) (noting that courts should avoid deciding constitutional issues where narrower grounds for a decision exist); *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1488 n.11 (10th Cir. 1996) (citing *Ashwander v. TVA*, 297 U.S. 288, 346-47 (1936) ("noting well-established rule that federal courts should avoid deciding constitutional issues if narrower grounds for decision exist"); *United States v. Martinez*, 978 F. Supp. 1442, 1452 n.6 (D.N.M. 1997) ("Courts should avoid deciding constitutional issues if at all possible."). If the Court determines that there is sufficient evidence to permit the punitive damages claim to go to the jury after hearing evidence at trial, the Court will then permit Defendants to re-urge arguments as to the constitutionality of Section 9.1.

## IV. Conclusion

For the reasons stated above, Defendants' Motion for Summary Judgment on the Issue of Punitive Damages (Doc. 35) is DENIED.

**ORDERED this 14th day of October, 2008**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**